UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEBRA MEDLEY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-01062-AGF |
| SCENIC NURSING AND REHABILITATION CENTER, LLC | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF JUDGMENT APPROVING WRONGFUL DEATH SETTLEMENT

This matter is before the Court on Plaintiff's Petitions for Approval of Wrongful Death Settlement. ECF Nos. 41 and 44.[1] The Court held a hearing on June 27, 2024, on the proposed settlement between Plaintiff and Defendant.

**I.   BACKGROUND**

On June 30, 2023, Plaintiff Debra Medley filed a Petition in the Circuit Court of Jefferson County, Missouri against Defendants Scenic Nursing and Rehabilitation Center, LLC and Aurora Cares, LLC d/b/a Tara Cares[2] asserting claims of medical negligence for Wrongful Death and Negligence *per se* for failure to provide proper care and treatment to

---

[1]   Plaintiff filed two identical motions petitioning for approval of the proposed wrongful death settlement because the first motion was filed without the referenced exhibits. The Court will reference ECF No. 44, the motion with attached exhibits.

[2]   On September 22, 2024, Plaintiff voluntarily dismissed her action against Defendant Aurora Cares, LLC d/b/a Tara Cares for lack of personal jurisdiction. The action continued against Defendant Scenic Nursing and Rehabilitation Center, LLC.

Plaintiff's mother, Frances Werner. Defendants removed the case to this Court on August 23, 2023.

Plaintiff alleges that Frances Werner became a resident at Scenic Nursing Rehabilitation Center ("Scenic") on or about April 11, 2022, and that she was at risk for frequent falls. Plaintiff further alleges that between May and September of 2022, Werner suffered multiple falls and injuries, and that after each fall, Defendants failed to implement high-risk fall prevention interventions such as providing Werner with a personal alarm, bed alarm, chair alarm, floor mat, floor mat alarm, motion sensor alarm, or a low bed.

According to Plaintiff, on September 14, 2022, staff members working at Scenic found Werner naked, bleeding, and shouting in pain on the floor of her room. Werner was taken to a local emergency room, where doctors determined that she had fractured her left hip and had a subdural hematoma as a result of her fall at Scenic. After evaluating her injuries and the risks of undergoing surgery, Werner's family transitioned her into hospice care. Werner died on September 26, 2022, from complications resulting from her injuries.

On April 18, 2024, Plaintiff filed a Notice of Settlement that the parties had resolved their dispute through mediation. Because the settlement involves a wrongful death claim brought pursuant to Mo. Rev. Stat § 537.080, the settlement must be approved by the Court. In seeking this approval, Plaintiff submitted her Petition for Approval of the Wrongful Death Settlement. ECF No. 44. On June 27, 2024, the Court held a hearing on the proposed settlement. At the hearing, the Court heard testimony from Plaintiff and her

sisters, Christine Cook and Tammy Trennepohl, with respect to the issue of apportionment; all parties and claimants support the terms of the settlement with Scenic. In seeking this Court's approval of the proposed settlement, the parties have requested that the Court keep the dollar value of the settlement confidential and that the Court determine the apportionment of the net settlement amount.

## II.    CONFIDENTIALITY

Plaintiff requested to file two exhibits under seal pursuant to Local Rule 13.05: the Settlement Agreement and General Release and the Proposed Distribution of Settlement Funds. ECF Nos. 43 and 45. Both parties requested that all information regarding the settlement amount remain confidential, that a redacted version of this memorandum and order be available to the public, and that the exhibits filed under seal remain sealed.

As a general rule, the public has a common-law right of access to judicial records. *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). However, this right is not absolute. *Id*. The presumption of public access to judicial records may be overcome by compelling circumstances. *Id*. (citation omitted).

At the settlement hearing, Defendant's counsel argued that confidentiality was a material aspect of the settlement agreement, and that Defendant would not have settled with Plaintiff but for confidentiality. Plaintiff, Cook, and Trennepohl all testified that they understood and agreed to confidentiality. Settlements are favored by the Court, particularly in difficult circumstances regarding the loss of a loved one. *See Goldenberg v. St. Luke's Episcopal-Presbyterian Hospitals*, No. 4:22-cv-01238-SEP, 2024 WL

3

340738 at *1 (E.D. Mo. Jan. 2024). Accordingly, while the Court recognizes the public's interest in access to the Court's decisions, it concludes that the balance of interests in this case favors allowing the parties to keep the Settlement Agreement and General Release, the Proposed Distribution of Settlement Funds, and all references to the dollar value of the settlement confidential.

### III.   APPROVAL OF THE WRONGFUL DEATH SETTLEMENT

Under Missouri law, the Court must approve any settlement in a claim for damages under Missouri's wrongful death statute. Mo. Rev. Stat. § 537.095.1. To approve a wrongful death settlement, the Court must determine whether (1) the Plaintiff attempted to notify all parties entitled to bring a cause of action; (2) the proposed settlement is fair and just; (3) the proposed settlement is appropriately apportioned, (4) the attorney's fees, expenses, and liens taken from the proposed settlement are proper, and (5) the parties' proposal for distributing the settlement proceeds complies with the statutory requirements. *See Little v. Beauvais Manor Healthcare & Rehab Center, LLC*, No. 4:21-cv-00950-RLW, 2022, WL 2176860 at *2 (E.D. Mo. June 2022); *Gaydos v. Gully Transportation, Inc.*, No. 4:21-cv-00388-SPM, 2023 WL 2187470 at *3-4 (E.D. Mo. Feb. 2023).

First, the Court is satisfied that Plaintiff has notified all parties entitled to bring a cause of action under Missouri's wrongful death statute. Plaintiff, Cook, and Trennepohl all confirmed through their testimony that they were Francis Werner's only children.[3]

---

[3]   All potential claimants in this action are class 1 claimants under Missouri's wrongful death statute, which states that any action for damages may be sued for "(1) By

4

They also confirmed that Werner had no spouse and no surviving parents.  Cook and Trennepohl both testified that they received notice from Plaintiff about the lawsuit, the settlement, and the settlement hearing and that they received a letter providing them that information.  *See* Exhibit 1  (ECF No. [44]-1).

Second, the Court looks to Section 537.090 for guidance on damages as well as the likelihood of success if the case were to be tried in order to assess whether the settlement is just and fair.  *Gaydos*, 2023 WL 2187470 at *3-4.  The Court is required to state the total settlement amount for any approved settlement.  Mo. Rev. Stat § 537.095.3.  Section 537.090 directs the Court to look to pecuniary losses, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support among other considerations.  Plaintiff has negotiated with Defendant for all claims against them for the total amount of ▮▮▮▮▮▮.  Plaintiff, Cook, and Trennepohl all testified that they believed that the gross settlement amount was fair and just.  Upon consideration of the factors in Section 537.090 and the hearing testimony, the Court finds that the proposed settlement is fair, just, and reasonable.

Third, Plaintiff, Cook, and Trennepohl testified that they disagreed on the apportionment of the settlement, and wished for the Court to determine a just and fair apportionment for the three claimants.  Missouri law requires the Court to apportion

---

the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive[.]" Mo. Rev. Stat. 537.080.1

5

damages among claimants entitled to damages "in proportion to the losses suffered by each as determined by the [C]ourt." Mo. Rev. Stat § 537.095.3.  *See also Macke v. Patton*, 591 S.W.3d 865, 870-71 (Mo. 2019).  Plaintiff and Cook believed that the net settlement, after attorney's fees, expenses, and liens, should be apportioned with 70% of the net settlement going to Plaintiff and 15% going to Cook and Trennepohl each.  Plaintiff argued this proposed apportionment was fair and just because she cared for Werner for the last six years of her life.  Plaintiff testified that Werner lived with Plaintiff for three years, after which Plaintiff helped Werner locate and move into her own apartments, and ultimately, chose and helped Werner move into Scenic.  Plaintiff further testified that she drove Werner everywhere, was her designated power of attorney, handled her finances, took her to doctors' appointments, did her laundry, and generally handled all of Werner's day-to-day tasks.  Plaintiff was neither compensated by Werner for any of this work nor did she receive any financial contribution or remuneration from Cook or Trennepohl.

Cook testified that she found Plaintiff's proposed apportionment to be generous.  She testified that she had been estranged from her mother since 2011 and did not even attend her funeral.  Trennepohl by contrast, testified that she believed that the settlement should be apportioned equally.  Trennepohl testified that she had been estranged from her mother since 2008 but had previously had a close bond with Werner and attended her funeral.  Trennepohl also testified that each of Werner's daughters had been close to Werner at some point prior to the estrangement of Trennepohl and Cook.  She acknowledged she had no contact with her mother after 2008 and had not assisted her

financially or otherwise during the last six years of her life. Nevertheless, Trennepohl believed that because they were all Werner's daughters, the only fair distribution should be an equal one.

The Court has considered the testimony of the witnesses as well as the oral and written statements of counsel. The Court concludes that Plaintiff's proposed apportionment and distribution is fair and just and reflects the losses suffered by the beneficiaries: ▓▓▓▓ (70%) of the net settlement shall be distributed to Plaintiff, ▓▓▓▓ (15%) of the net settlement shall be distributed to Cook, and ▓▓▓▓ (15%) of the net settlement shall be distributed to Trennepohl. This allocation properly reflects the care only Plaintiff provided Werner during the last six years of her life.

Fourth, the Court concludes that the attorney's fees, expenses, and liens provided for in the Settlement Agreement and General Release and the Proposed Distribution of Settlement funds are proper. Exhibits 2 and 3 (ECF [46] -1 and 2). The Court generally orders payment of attorney's fees as contracted by the parties. Mo. Rev. Stat. § 537.095.4(2). Plaintiff testified that her initial fee agreement with counsel entitled her attorney to 40% of any gross settlement amount, contingent on successful settlement, and that she was satisfied with the attorney's fees. Plaintiff further testified that she was satisfied that the expenses and liens were reasonable. Neither Cook nor Trennepohl objected to the attorney's fees, expenses, or liens. Therefore, the Court concludes that ▓▓▓▓ (40%) deducted from the gross settlement amount for attorney's fees is reasonable. The Court further concludes

7

that ▮ deducted from the remaining settlement for expenses[4] and ▮ deducted from the remaining settlement amount for Medicare liens is reasonable. *See* Exhibit 3 (ECF [46]-2).

Finally, the Court concludes that the Settlement Agreement and General Release in Exhibit 2 (ECF [46] -1) and the Proposed Distribution of the Settlement Proceeds in Exhibit 3 (ECF [46] -2) comply with the statutory requirements.  Section 537.095 requires the Court to order the claimant to: "(1) to collect and receipt for the payment of the judgment; (2) to deduct and pay the expenses of recovery and collection of the judgment and the attorney's fees as contracted…; (3) to acknowledge satisfaction in whole or in part for the judgment and costs; (4) to distribute the net proceeds as ordered by the Court; and (5) to report and account therefor to the Court.  In its discretion the Court may require the claimant to give bond for the collection and distribution."  Mo. Rev. Stat. § 537.095.4.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Petitions for Approval of Wrongful Death Settlement (ECF Nos. 41 and 44) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Debra Medley's cause of action and all claims for injuries, damages and losses against Defendant Scenic Nursing and Rehabilitation Center, LLC be settled for the total amount of ▮, inclusive of attorney's fees, expenses, and liens.

---

[4]  Plaintiff filed an itemized explanation of expenses with the Court upon the Court's request. ECF Nos. 50 and 52.

**IT IS FURTHER ORDERED** that Defendant shall pay and Plaintiff shall collect payment from Defendant and shall execute an acknowledgment of satisfaction with the Court within **fourteen (14) days** of receiving the payment from Defendants.

**IT IS FURTHER ORDERED** that Plaintiff shall deduct and pay attorney's fees, expenses, and lien amounts as set forth in Exhibit 3  (ECF [46] -2).

**IT IS FURTHER ORDERED** that Plaintiff shall distribute the remaining net proceeds of the settlement to the claimants with ▮▮▮▮ (70%) going to Plaintiff, ▮▮▮▮ (15%) going to Christine Cook, and ▮▮▮▮ (15%) going to Tammy Trennepohl.

**IT IS FURTHER ORDERED** that Plaintiff shall file a dismissal with prejudice and satisfaction of judgment with this Court after the settlement check has cleared.

**IT IS FURTHER ORDERED** that this Memorandum and Order shall be **SEALED**. A redacted version of this Memorandum and Order will be filed on the public docket.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of July, 2024